IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INDUSTRIAL CONSTRUCTION, INC., Plaintiff, | ) | No. 03-1984C |
| v. | ) | (Senior Judge Merow) |
| THE UNITED STATES, Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

The parties submit the following joint preliminary status report pursuant to paragraph 3 of Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"):

a. Jurisdiction

Plaintiff, Industrial Construction, Inc. ("Industrial"), believes that all jurisdictional requirements have been met. Defendant states that at this time it knows of no basis to challenge the Court's jurisdiction over this action.

b. Consolidation

The case should not be consolidated with any other case.

c. Bifurcation

The case should not be bifurcated.

d. Deferral

The case should not be deferred pending resolution of any other case currently before the Court or any other tribunal.

e. Remand/Suspension

The parties do not believe that remand or suspension of the case will be sought.

f. Joinder

Neither party anticipates joining additional parties at this time.

g. Dispositive Motions

The parties do not, at this stage, intend to file any dispositive motions. After discovery, however, either party may file a motion for partial summary judgment and therefore propose a discovery schedule which allows for RCFC 56 motions.

h. Relevant Factual and Legal Issues

1. Industrial alleges that this dispute relates to a Contract between Industrial and the National Aeronautics and Space Administration ("NASA")at John C. Stennis Space Center in Stennis, Mississippi. The Project called for Industrial to perform two separate and unrelated workscopes, which were let under the same contract. Both workscopes had separate and distinct Contract completion dates. NASA provided Industrial with detailed plans and specifications with respect to the work to be completed under the Contract.

Industrial alleges that the Government delayed its performance of the initial phase of the Contract work, entitling it to damages, notwithstanding the fact that all Contract work

was completed prior to the ultimate Contract completion date. Additionally, Industrial alleges that NASA breached the implied warranty of plans and specifications with respect to some of the detailed drawings provided in the Contract.

2. Whether defendant breached the Contract by denying Industrial's various requests for equitable adjustments to the Contract.

3. Whether defendant delayed Industrial's performance of the Contract work.

4. Whether defendant can be responsible for any delay or impact damages where all Contract work was completed by the contract completion date.

5. Whether defendant breached an implied warranty of plans and specifications with respect to some of the detailed drawings provided in the Contract, or whether the contract required Industrial to field verify dimensions during Contract performance.

6. Whether Industrial seeks compensation for work performed without the prior approval of defendant's contracting officer.

7. If defendant is liable to Industrial, what is the amount of Industrial's compensable damages, if any.

i. Settlement

Industrial believes that after discovery, some form of alternative dispute resolution ("ADR") may be appropriate.

Defendant sees little likelihood of settlement, and does not, at this time, believe that ADR is appropriate.

j. Trial

The parties anticipate proceeding to trial. Neither party requests expedited trial scheduling. The parties request New Orleans, Louisiana, which is 45 minutes away from Stennis and is the site of the United States District Court for the Eastern District of Louisiana, as the place of trial.

k. Electronic Case Management

The parties are aware of no special issues regarding electronic case management needs.

l. Other Information

The parties know of no other information of which the Court should be aware at this time.

m. Discovery Plan

1. The parties propose October 12, 2004, as the deadline for fact discovery;
2. The parties propose July 31, 2004, as the deadline for the disclosure of expert reports;
3. The parties propose November 12, 2004, as the deadline for depositions or other discovery of experts.
4. Dispositive motions, if any, shall be completed no later than December 13, 2004.

The parties believe this discovery plan will allow sufficient time to conduct orderly discovery and to explore settlement negotiations and/or ADR if appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Frederick J. Hahn, III
FREDERICK J. HAHN, III
Holden, Kidwell, Hahn
& Crapo, P.L.L.C.
330 Shoup Avenue, 3rd Floor
PO Box 50130
Idaho Falls, Idaho 83405
Telephone: (208) 523-0620
Facsimile: (208) 523-9518

Attorney for Plaintiff

January 12, 2004

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-1011
Facsimile: (202) 514-7965

Attorneys for Defendant

January 12, 2004

Certificate of Filing

I hereby certify that on January ___, 2004, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail